Thomas A. Larkin, OSB #923623
tlarkin@sokol-larkin.com
Grant N. Margeson, OSB #215754
gmargeson@sokol-larkin.com
SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR 97239
Telephone: (503) 221-0699
Facsimile: (503) 223-5706

*Attorneys for Plaintiff Old Hazeldell Quarry, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OLD HAZELDELL QUARRY, LLC, an Oregon Limited Liability Company,<br><br>                           Plaintiff,<br><br>     v.<br><br>LANE COUNTY, a political subdivision of the State of Oregon,<br><br>                           Defendant. | Case No. 6:22-cv-706<br><br>**COMPLAINT**<br><br>**TAKINGS, INVERSE CONDEMNATION, AND DUE PROCESS VIOLATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Old Hazeldell Quarry, LLC ("Hazeldell") hereby alleges claims for takings, inverse condemnation, and due process violations against Defendant Lane County (the "County") as follows:

**Introduction**

1.

The Old Hazeldell Quarry (the "Quarry") is a 183-acre area (46 acres of which is to be excavated) located near the town of Oakridge in Lane County, Oregon, and is comprised of multiple tax lots. On at least some portions of the Quarry, there was historical use of surface mining (including, on information and belief, since the time when pioneers settled in the area) and maintenance of mining-related exemptions to

COMPLAINT - 1

certain zoning changes made in the 1970s. There was also an historical landfill on a three-acre portion of the property. Based on analyses from expert geologists, there appears to be a thirty- to fifty-year supply of quality rock on the Quarry.

2.

A company related to Hazeldell purchased the Quarry in 2006 (among other land) and, in 2011, the Quarry was transferred to Hazeldell.[1] These related companies crushed rocked and used it, upon purchase of the Quarry, to build roads on timber holdings in the area. Given that the Quarry is the site of an existing quarry and was zoned forest, either non-impacted (F 1) or impacted (F 2), Hazeldell began preparing its application to operate the Quarry as an active mining operation. In order to make sure that the Quarry is operated sustainably and without significant impact on neighboring properties, the nearby town of Oakridge, and/or tourists to the area, Hazeldell undertook extensive studies and evaluations to ensure that the Quarry was viable environmentally, socially, and economically. Hazeldell spent millions of dollars on such studies, evaluations, and development of its proposal to make the Quarry the model of socially responsible mining, to ensure compliance with the applicable standards for mining adopted by the State of Oregon, and to accommodate any possible or foreseeable objection or issue with respect to the proposed mining. The Quarry created a public facing website to help the community understand the project (https://old-hazeldell.squarespace.com/). For example, the proposed excavation area and subject of the zone change (which comprises approximately one quarter of the site) is set off from wetland areas of the site, as well as other specified boundary areas, to ensure that wildlife, tourists, and town residents are not impacted by the mining operation. As

---

[1] The transfer was made to Stonebroke, LLC, which changed its name to Old Hazeldell Quarry, LLC in June 2015.

COMPLAINT - 2

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

another example, the Quarry would be operated with concurrent reclamation principles—meaning that Hazeldell would build benches, shoots and slopes as it finished sections of the mining operation that would create habitat for wildlife and ledges to naturally regrow plants and trees.  Any soils or overburden removed at the Quarry are to be preserved for reuse on site.  As yet a third example, the mining on the Quarry would be on the side of the property that is away from, and does not face, Oakridge, which means that visitors to and residents of Oakridge would likely be unaware there was an operating mine at the Quarry.  Hazeldell took these steps to ensure that, as it is entitled under Oregon law, it could operate the Quarry in its economically beneficial use as a mining operation.

3.

Having undertaken nearly four years of work on the materials, Hazeldell made applications on or about December 9, 2015 to the County, for, among other things, a major plan amendment to add the site to the Lane County Goal 5 Inventory of Significant Mineral & Aggregate Sites and rezone the site for quarry and mine operations.  Oregon land use law provides for such amendments where there are significant resources, allowing appropriate conditions to be placed but recognizing the right and need of property owners to develop resources on their property for the benefit of the community as well as the owner.  The Lane County Board of Commissioners ("Board") approved the application in March 2017.  In January 2018, the Land Use Board of Appeals ("LUBA") remanded the Board's decision on limited grounds.  On remand, Hazeldell again worked diligently to retain experts and prepare appropriate studies to address the issues identified by LUBA.  The County processed the applications further, and the Board approved them again in 2018.  On appeal, LUBA again remanded the decision in 2019 due to a County error in noticing the 2018 proceedings.

COMPLAINT - 3

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

4.

Hazeldell continued to pursue the zone change in 2020 following LUBA's second remand, but the Board has now denied Hazeldell's application. In doing so, the Board refused to allow Hazeldell to submit a mitigation plan that it was developing with the Oregon Department of Fish and Wildlife ("ODFW"), which plan would have supplemented the record in response to late-raised concerns about a purported impact on wildlife. These purported wildlife impacts were not identified with specificity by the County or ODFW when Hazeldell began the application process, and ODFW's analysis of the alleged impacts exceeded a 1500-foot boundary from the proposed excavation activities and focused on requirements inapplicable to the Goal 5 resource designation context in contravention of Oregon land use law. The Board then denied Hazeldell's application for purported lack of information regarding the very same management plan that the Board refused to allow in the record.

5.

By refusing to allow Hazeldell to develop the Quarry with its economically viable use as a quarry—despite the number of concessions made in the application process, including allowing Oakridge to build its main water storage tank on the Quarry for free—the County has impermissibly taken the Quarry without just compensation and violated Hazeldell's rights to due process. Without mining operations, the Quarry has only nominal value. The County must, therefore, justly compensate Hazeldell for the value of the land that it has taken in an amount to be proved at trial, but, upon information and belief, no less than $15 million, and the County must rectify its violations of Hazeldell's constitutional rights.

**The Parties**

6.

Old Hazeldell Quarry, LLC is an Oregon limited liability company with a principal

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

place of business in Oregon. Hazeldell is the sole owner of the Quarry and is committed to operating the Quarry in a responsible and sustainable manner, consistent with best practices.

7.

Lane County is a political subdivision of the State of Oregon and formed under the laws of the State of Oregon. The County acts and operates through individuals, including elected officials, employees, agents, the Board, and others. At all relevant times alleged herein, such elected officials, employees, agents, the Board, and others acted at the direction and on behalf of the County, as well as in the course and scope of their authority to act for the County, in order to effectuate the takings and/or inverse condemnation of the Quarry for the County and in order to effectuate the violations of Hazeldell's due process rights. In particular, the Lane County Board of Commissioners is responsible for legislating and administering Lane County government pursuant to the Lane County Home Rule Charter. The actions, decisions, and ordinances of the Board constitute the actions, decisions, and ordinances of the County and, per the Lane County Home Rule Charter, the Board is "the governing body of the district." References herein to the Board, therefore, necessarily include references to the County (and vice versa).

## Jurisdiction and Venue

8.

The above-captioned civil action arises under the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and, therefore, there is jurisdiction pursuant to 28 U.S.C. § 1331. There is also supplemental jurisdiction over the state law claim for violation of Section 18 of Article 1 of the Oregon Constitution pursuant to 28 U.S.C. § 1367 because said state law claim is so related to the federal question claims that it forms part of the same case or controversy under

COMPLAINT - 5

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

Article III of the United States Constitution.

9.

Venue is proper in the U.S. District Court for the District of Oregon and the Eugene Division thereof because, pursuant to 28 U.S.C. § 1391(b) and LR 3-2, the Quarry is located in Lane County, Oregon, and a substantial part of the events or omissions giving rise to this action took place in Lane County, Oregon.

**The Quarry**

10.

The Quarry is a 183-acre property, comprised of three tax lots, and located in Lane County, Oregon.  East of the town of Oakridge and north of Oregon Highway 58, the property contains vacant forested land, an existing quarry previously mined and permitted (known as "Dunning Road Quarry"), and an old and abandoned City of Oakridge dump, adjacent to the Union Pacific Railway and the former Pope and Talbot sawmill – now the City of Oakridge industrial park.  Hazeldell and predecessors-in-interest made continuous efforts to operate a long-term, active quarry on the Quarry.  Attached hereto as **Exhibit A** is a true and correct copy of the County's order regarding Hazeldell's application (discussed in more detail below), which identifies the legal boundaries of the Quarry.

11.

The Quarry does not contain any public right-of-way easements for recreation—i.e., there are no hiking or biking trails on the Quarry—and is privately owned property.

**Hazeldell's Purchase, and Proposed Use, of the Quarry**

12.

The decision to purchase the Quarry relied upon knowledge that there was an existing quarry on the property, and the value of the Quarry property was significantly increased by the existence of said existing quarry.  Given the anticipated quantity of

COMPLAINT - 6

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

aggregate on the Quarry and the State of Oregon's resource management laws for mining resources pursuant to Statewide Planning Goal 5, Hazeldell determined that the Quarry would qualify as a significant mining resource and qualify for permitted mining operations.  Hazeldell purchased the property based on this expectation.  Hazeldell is the sole owner of the real property comprising the Quarry and all mining rights related thereto.

13.

Hazeldell began paying surface mining fees to the Oregon Department of Geology and Mineral Industries ("DOGAMI") despite the fact that there has been no mining pending Hazeldell's Goal 5 application and efforts to obtain rezoning approval.

14.

In 2016, Hazeldell became a dues-paying member of Oregon Concrete and Aggregate Producers Association in anticipation of the Quarry becoming an active mining operation.

15.

In addition, in advance of applying for use of the Quarry as a mining operation, Hazeldell also hired several experts to conduct analyses, including on the following: aggregate resources, air quality, geologic engineering, archaeology, noise, blasting, impacts to water quality and quantity, wildlife biology, and transportation impacts.  Such analyses included searches for endangered species, searches for indigenous peoples' artifacts or evidence of indigenous people inhabitance, mining engineers' analysis of the site, and extensive State of Oregon permitted drilling across the Quarry, among other things.  Hazeldell undertook these analyses to demonstrate compliance with the State of Oregon standards established to allow mining and with the understanding that its application would qualify for mining under Oregon law.

///

COMPLAINT - 7

16.

Based on expert feedback and thorough analysis, Hazeldell's investment-backed expectation of operating the Quarry for mining was proved accurate.  Hazeldell developed protocols and best management practices that would minimize noise and traffic impacts, create visual screens between the active mining operation and other properties, reclaim the mining land concurrently with completing phases of the mining operations, limit dust from the mining, implement measures to accommodate and channel stormwater, and otherwise conduct mining in a manner that is sustainable, environmentally-friendly, community-focused, and would allow the region to utilize the significant Goal 5 aggregate resource from the Quarry.  All said, numerous conditions were voluntarily agreed to by Hazeldell, including but not limited to 24-hour sound monitoring by a third party, strict limits on hours and days of operation and the types and locations of specific mining and processing activities, a truck wash station for every truck, compliance with dust management and blasting plans, requirement to obtain state and federal permits to ensure compliance with relevant standards of other agencies, road construction to improve nearby public roads, and installation of signage along Dunning Road warning of elk and deer in the area.  **Exhibit B** lists the conditions to which Hazeldell agreed.  Hazeldell also determined that the mine would allow for thirty to fifty years of extraction of high-quality aggregate.

**Hazeldell's Application for Use of the Quarry as a Goal 5 Resource, and the County's Violation of Hazeldell's Due Process Rights**

17.

On December 9, 2015, after several years of work on the application, Hazeldell applied to the County for Post-Acknowledgment Comprehensive Plan Map and Zone Map Amendment, Comprehensive Plan Text Amendment and Site Review Permit.  In essence, the application sought designation of the Quarry as a significant site for a Goal

COMPLAINT - 8

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

5 Resource, rezoning from forest zone to a mineral natural resource zone, and an approved site plan for a quarry to mine and process aggregate in order to proceed with permitted mining on the Quarry.

18.

The proposal would include a mining area of approximately 107 acres (out of the 183-acre property), of which about 46 acres would be excavated.  That is, approximately one-quarter of the property would be actively excavated in total, although it would occur in phases over several decades so the actual impact at any given time would be substantially less.

19.

After a public hearing process, the Board of Commissioners voted 4-1 to approve the application in 2017.  The approval was appealed to LUBA.

20.

In January 2018, LUBA remanded the decision to the County after finding limited errors in the County's determination.

21.

On remand, the County—by and through the vote of its Board in December 2018—approved Hazeldell's application for a second time, agreeing that the Quarry should be rezoned for mining based on a full hearing and open record.  The approval was appealed.

22.

In October 2019, LUBA again remanded the decision to the County based upon a technical error in the timing of the notice that Lane County gave of the applications to the Oregon Department of Land Conservation and Development ("DLCD").  The matter was remanded to Lane County for new notice to be given and a new hearing to be held.

///

COMPLAINT - 9

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

23.

On remand, after Hazeldell requested further processing of its applications, the Board held additional public hearings and allowed the record to be reopened.  Because the basis for the remand was only the County's notice error, the substantive issues within the scope of the remand were limited to the same ones at issue in the proceeding held by the County in 2018.  However, this time the Board reached a different conclusion.  In or around May 2021, on the last day of the initial open record period, an ODFW wildlife biologist provided a letter to the County and Hazeldell with comments and recommendations for the Quarry, as well as an invitation for Hazeldell to work with ODFW to develop a habitat management and mitigation plan to address any issues raised by the May 2021 letter.  ODFW's comments were surprising at this stage because ODFW first received notice of the proposed project in 2015.  In response, Hazeldell began working with ODFW on such a plan, advised the Board of same in writing within the appropriate rebuttal period, and requested that the Board reopen the record to allow Hazeldell to submit such plan.  Hazeldell's reasonable request was denied.

24.

After denying Hazeldell's request, the Board proceeded to determine that Hazeldell's application should be denied based on the purported big game conflicts.  In doing so, the Board implied that it simply wanted to start the appeal process instead of making the correct finding on a complete record.  For example, the Board's Chair stated:  "We've had today one staff says the recommendation is this, another staff person say the recommendation is that.  We've had a real lack of clarity, and it's my presumption that this will be appealed."  Despite the admitted lack of clarity from its staff, the Board voted 3-2 to deny Hazeldell's application.

///

COMPLAINT - 10

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

25.

As admitted by the County in its finding of facts and conclusions of law, the "County is required to amend the acknowledged mineral and aggregate inventory in response to this application for a Post Acknowledgement Plan Amendment (PAPA) provided the relevant criteria are met." The County found that Hazeldell had established the significance of the aggregate resource (based on the quality, quantity, and location of the resource) and found that the proposed mining would not cause conflicts through, among other things, noise, dust, air quality, emissions, water, local roads/traffic, and historical artifacts. The County did, however, find purported impacts or insufficient or incomplete submissions on big game (deer and elk) that could not be minimized and proceeded to make so-called Economic, Social, Environmental, and Energy ("ESEE") findings. The County denied Hazeldell's application on this sole ground, despite the fact that credible evidence in the record demonstrated to the contrary. Moreover, the County engineered the outcome by strategically preventing Hazeldell from presenting additional evidence on this subject, including the management plan it was developing with ODFW in response to the May 2021 letter.

**Refusal to Allow Mining on the Quarry Constitutes a Taking of Hazeldell's Property Without Just Compensation**

26.

As an owner of real property in Oregon, Hazeldell has a vested property right in the mineral resources of its land. Recognizing the economic value of such property interests, Oregon law allows mining interests to be severed and sold separately from the real property. As an operating mining property, the Quarry is worth much more than without an operating mine.

27.

Other than mining, Hazeldell is not able to derive all of the benefits of land

COMPLAINT - 11

ownership.

28.

Without permitted mining, the Quarry has only nominal value. Only the western portion of the Quarry—facing the town of Oakridge—has timber that could possibly be harvested, and such timber harvesting is impractical, due in part to the impact it would have on the community and Oakridge's tourism industry.

29.

By recognizing the significant mining resources of the Quarry, but refusing to allow mining of the resource consistent with the relevant Goal 5 Resources regulations under Oregon law, the County has taken the Quarry for public uses. Specifically, the County has, in essence, taken the Quarry to be a preserve for elk and deer instead of allowing Hazeldell its vested interest in, and investment-backed expectation of, an economically viable mining property. The County refused to grant Hazeldell's application based on requirements with no rational nexus and not roughly proportional to the projected impacts of the Quarry. Moreover, the County erred by denying the application rather than first providing Hazeldell an adequate opportunity to respond to the ODFW comments and prepare a big game mitigation plan. In other words, the County failed to consider whether there was a path to approving the applications, subject to conditions of approval. The County's failure is unlawful.

30.

The County has not paid Hazeldell for the value of the property that it took from Hazeldell—namely, at least the $15 million difference in value between the Quarry as a mining operation and the Quarry's nominal value. Because the County has taken the Quarry for public use without providing just compensation, Hazeldell has a ripe claim for violations of the U.S. and Oregon constitutions.

///

COMPLAINT - 12

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

## FIRST CAUSE OF ACTION

**(Takings – 42 U.S.C. § 1983, U.S. Const. 5th and 14th Amendments)**

31.

Hazeldell realleges and incorporates Paragraphs 1-30 herein by reference.

32.

Hazeldell is the sole owner of the Quarry, including all mineral and mining rights associated with the Quarry.

33.

The most beneficial use of the Quarry is mining and, without such mining, the Quarry has only nominal value. Harvesting timber under the current zoning is the only other potential use of the Quarry, and is not a viable use of the Quarry because of the *de minimis* value it would derive while imposing large social cost on Hazeldell and the town of Oakridge.

34.

Hazeldell applied to have the Quarry inventoried as a mining resource and to obtain all necessary permits, rezoning, and/or other applicable approvals to operate the Quarry as a mine. As evidence of this reasonable, investment-backed expectation, Hazeldell expended significant sums to provide expert analyses to ensure the mining would be operated consistent with all applicable laws and in accordance with best environmental, economic, and community practices. As part of the application process, Hazeldell made significant concessions to the County to ensure that it would be allowed to mine the Quarry.

35.

The County, despite recognizing the significance of the mining resources at the Quarry and approving Hazeldell's application twice, ultimately refused to inventory the Quarry as a mining resource and allow the requisite rezoning and permitting to operate

COMPLAINT - 13

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

the Quarry as a mine. That is, the County has acted—by and through its decision on the application—to prohibit Hazeldell from mining the Quarry. The sole basis for the County's determination is purported conflicts with big game resources, despite the County's refusal to receive evidence regarding mitigation of any purported conflicts or open the record and/or permit reasonable extensions of time. The County at all times operated under the color of state and local laws regarding land use and resource management.

36.

Without mining, the Quarry has merely nominal value. That is, the Quarry has little economically viable use and little economic value other than as a mine. The County's determination to deny the application regarding the Quarry is, therefore, a taking of the Quarry for the use and benefit of the public, but not Hazeldell. Not only has that decision deprived Hazeldell of the most economically viable use of the Quarry, but it has also precluded Hazeldell from creating jobs and generating income using the Quarry and defeated Hazeldell's reasonable, investment-backed expectations.

37.

At the time it denied the application, the County did not pay (and has not since paid) just compensation to Hazeldell for taking the Quarry for public use, which deprives Hazeldell of its rights under the U.S. Constitution to just compensation for the County's taking of Hazeldell's property for public use.

38.

Hazeldell is entitled to just compensation for the taking of the Quarry in the amount to be proved at trial, but (upon information and belief) to be at least $15 million, which reflects the difference in value between the Quarry permitted to mine and the nominal value of the Quarry.

///

COMPLAINT - 14

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

39.

Pursuant to 42 U.S.C. § 1988, Hazeldell is entitled to its necessary and reasonable attorney fees and costs incurred in enforcing Hazeldell's constitutional rights.

## SECOND CAUSE OF ACTION

### (Inverse Condemnation – Ore. Const. Art. I, Sec. 18)

40.

Hazeldell realleges and incorporates Paragraphs 1-39 herein by reference.

41.

Hazeldell is the sole owner of the Quarry, including all mineral and mining rights associated with the Quarry.

42.

The most beneficial use of the Quarry is mining and, without such mining, the Quarry has only nominal value.  Harvesting timber under the current zoning is the only other potential use of the Quarry, and is not a viable use of the Quarry because of the *de minimis* value it would derive while imposing large social cost on Hazeldell and the town of Oakridge.

43.

Hazeldell applied to have the Quarry inventoried as a mining resource and to obtain all necessary permits, rezoning, and/or other applicable approvals to operate the Quarry as a mine.  As evidence of this reasonable, investment-backed expectation, Hazeldell expended significant sums to provide expert analyses to ensure the mining would be done consistent with all applicable laws and in accordance with best environmental, economic, and community practices.  As part of the application process, Hazeldell made significant concession to the County to ensure that it would be allowed to mine the Quarry.

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

44.

The County, despite recognizing the significance of the mining resources at the Quarry and approving Hazeldell's application twice, ultimately refused to inventory the Quarry as a mining resource and allow the requisite rezoning and permitting to operate the Quarry as a mine.  That is, the County has acted—by and through its decision on the application—to prohibit Hazeldell from mining the Quarry.  The sole basis for the County's determination is purported conflicts with big game resources, despite the County's refusal to receive evidence regarding mitigation of any purported conflicts or open the record and/or permit reasonable extensions of time.  The County at all times operated under the color of state and local laws regarding land use and resource management.

45.

Denial of Hazeldell's application goes too far in regulating the Quarry, and leaves no substantial beneficial economic use of the Quarry.  Without mining, the Quarry has merely nominal value.  That is, the Quarry has little economically viable use and little economic value other than as a mine.  The County's determination to deny the application regarding the Quarry is, therefore, a taking of the Quarry for the use and benefit of the public, but not Hazeldell.  Not only has that decision deprived Hazeldell of the economically viable use of the Quarry, but it has also precluded Hazeldell from creating jobs and generating income using the Quarry and defeated Hazeldell's reasonable, investment-backed expectations.

46.

The County did not pay, and has not paid, just compensation to Hazeldell for taking the Quarry, which deprives Hazeldell of its rights under the Oregon Constitution to just compensation for the County's taking of Hazeldell's property.

///

COMPLAINT - 16

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

47.

Hazeldell is entitled to just compensation for the taking of the Quarry in the amount to be proved at trial, but (upon information and belief) to be at least $15 million, which reflects the difference in value between the Quarry permitted to mine and the nominal value of the Quarry.

48.

Pursuant to O.R.S. § 20.085, Hazeldell is entitled to its necessary and reasonable attorney fees and costs incurred in enforcing Hazeldell's constitutional rights.

## THIRD CAUSE OF ACTION

**(Due Process Violations – 42 U.S.C. § 1983, U.S. Const. 14th Amendment)**

49.

Hazeldell realleges and incorporates Paragraphs 1-30 herein by reference.

50.

At all material times, the County has acted under color of law.

51.

Hazeldell has a legitimate property interest in using its property, the Quarry, for its most beneficial use and as allowed by State and County land use laws, as well as a protectable interest in a fair permit and rezoning application process before the County.

52.

The County deprived Hazeldell of the property interests described above, without due process of law, in an arbitrary and capricious manner, and without any rational relationship to a legitimate government interest, in at least the following ways:  by refusing to reopen the evidentiary record at Hazeldell's request for submittal of testimony by any party when such action would not cause prejudice to the County or any other party; by failing to allow Hazeldell to rebut late-submitted testimony presented

SOKOL LARKIN

4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706

in opposition to Hazeldell's application in contravention of well-established quasi-judicial land use procedures; by failing to provide an impartial decision-maker; by treating Hazeldell differently than those similarly situated; by requiring evidence from Hazeldell beyond that mandated by law; and/or by denying Hazeldell's application solely on the grounds that Hazeldell did not adequately rebut opposition testimony (which, of course, was caused by the County's unlawful deprivation of Hazeldell's reasonable opportunity to do so). In fact, the Board abdicated its duties by closing the record and reaching a rushed final decision with an admitted "real lack of clarity" and on the grounds "that this will be appealed." Hazeldell has been harmed by the delay and costs caused by the County's violation of due process rights. As another example, a regulation—as applied in this instance or generally—that precludes a landowner from mining a significant resource under Oregon land use law because of potential impacts on a migratory, hunted, unendangered species is arbitrary or irrational and is not rationally related to a legitimate governmental interest.

53.

Hazeldell has been damaged by the unconstitutional treatment in amount to be proved at trial. Hazeldell claims all available damages under 42 U.S.C. § 1983 for the injuries caused by the County to Hazeldell's due process rights. In addition, Hazeldell is entitled to a declaration that the County violated Hazeldell's due process rights.

54.

Pursuant to 42 U.S.C. § 1988, Hazeldell is entitled to its necessary and reasonable attorney fees and costs incurred in enforcing Hazeldell's constitutional rights.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Old Hazeldell Quarry, LLC prays for relief as follows:

1. Judgment against Lane County, and in favor of Hazeldell, in an amount

COMPLAINT - 18

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR 97239
(503) 221-0699
FAX (503) 223-5706

equal to just compensation for the value of the Quarry that was taken by the County, to be proved specifically at trial, plus interest thereon at the highest applicable rate;

2. Judgment against Lane County, and in favor of Hazeldell, in an amount of damages for Lane County's violation of Hazeldell's due process rights to be proved at trial, plus interest thereon at the highest applicable rate;

3. Declaratory judgment on Hazeldell's Third Cause of Action that the County violated Hazeldell's due process rights;

4. Awarding Hazeldell its fees, costs, and disbursements incurred herein; and

5. Granting such other relief as the Court deems just and equitable.

DATED this 13th day of May, 2022.

STEWART SOKOL & LARKIN LLC

By: /s/ Thomas A. Larkin
   Thomas A. Larkin, OSB #923623
   tlarkin@sokol-larkin.com
   Grant N. Margeson, OSB #215754
   gmargeson@sokol-larkin.com
   *Attorneys for Plaintiff Old Hazeldell Quarry, LLC*

COMPLAINT - 19

SOKOL LARKIN
4380 S Macadam Ave., Suite 530
Portland, OR  97239
(503) 221-0699
FAX (503) 223-5706